### DE FLECHIER'S SYNDICS vs. DEGRUYS.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. In this suit the syndics claim, as belonging to the estate of the insolvent, a certain tract of land described in the petition, being the same claimed by Dufau, iu a case recently decided in favour of the defendant. In the court below, the judgment was against the plaintiffs, from which they appealed.

The right of the insolvent is no longer in contest; but the transfer of property from him to the defendant is attacked as illegal and fra dulent. The act of sale, under which the latter claims, is a deed *sous seing prive*, bearing date of the 18th September, 1822; and the *cessio bonorum* of the insolvent, the vendor, took place on the 12th of June, 1823.

To destroy the validity of this sale, the appellants rely on the 228th Art. of the old

An act *sous seing prive*, not followed by actual delivery, has no effect against third persons

Eastern Dis'ct
March 18 7.

DEFLECHIER'S
SYNDICS
vs.
DEGRUY.

Code. found at p. 236 ; and also on a princi-
ple recognised by writers on civil law, that
private acts have no date against third per-
sons.

The verity of the date of the private instru-
ment in the present case, is established by
testimonial proof ; and the legal effects of
such instruments, when accomplished by ac-
tual delivery to, and possession of the vendor,
on the rights and claims of third persons—
have been settled in two cases, lately adjudged
in this court.—See the case of *Doubrere* vs.
*Syndics of Grillier.* 2 *Mart. N. S. p.* 171;
and that of *Martinez* vs. *Layton & Co.* 4
*N. S. p.* 368.   In the first of these cases, the
contest was between the syndics, and the
plaintiff who had been seized as a slave be-
longing to the estate of the insolvent, and who
instituted the suit for purpose of being restored
to the state and standing of a freeman, which
he had enjoyed by virtue of a contract with
his late master, made and rendered by acts
under private signature alone, which had not
been recorded in the office of a notary public.

After much deliberation, and strict examina-
tion of the best commentaries on the articles
of the Code Napoleon, which relate to the

effects of acts *sous seing prive*, on the right of third persons, and which are in part similar in their provisions to several of the articles in our old code on the same subject; the court decided in favour of the liberty of the plaintiff, though supported only by private contract. That decision was based principally on the ground of the actual possession and enjoyment of freedom by him, and proof of payment of the price for which he obtained it; these circumstances having established a date to the contract, and exhibited the whole transaction entirely free from fraud or prejudice to the creditors of the insolvent. The rights of second purchasers or mortgage creditors, were not considered in that case, as the matter in dispute did not require any decision in relation to such rights; but in the subsequent case they were examined, and the construction given to our laws on the subject, was against the claim of a mortgage creditor, who insisted on the nullity of an act *sous seing prive*, in pursuance of which the vendor took possession of the immoveable property which was sold by it, previous to the enregistering of the mortgage under which the lien was claimed.

In both these cases it is seen that the validity

Eastern Dis'ct
March, 1827.

DEFLECHIER'S
SYNDICS
vs
DEGRUY

of the deeds under private signature, was mainly supported in consequence of the real delivery of the thing sold to the purchaser, and his actual possession under the private act of sale.

The 228th article of the old Code, invoked in favour of the claims of the syndics, is continued in force by the Lousiana Code, with an addition, conforming to the decisions above cited, which gives effect to sales or exchanges of real property from the time of the *actual* delivery of the thing sold or exchanged.

It does not appear from the evidence of the present case, that actual delivery was ever made of the land to the vendee of the insolvent; we are, therefore, of opinion that as it respects the creditors of the latter, the sale being under private signature, and not registered as required by law, must be considered as null and void; and the property intended to be conveyed by it, decreed to be, and make a part of the mass of the insolvent's estate, &c.

It is therefore ordered, adjudged and decreed, that the judgment of the district cour

be avoided, reversed and annulled ; and it is farther ordered, adjudged and decreed, that the plaintiffs and appellants do recover the land in dispute, as a part of the estate of the insolvent Deflechier : and that the appellee and defendant pay costs in both courts.

*Carleton & Lockett* for the plaintiffs, *Grymes* for the defendant.